UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

             v.

JOHN ABIO, also known as TRE
BRANDENBERG, and ABIO FINANCIAL
GROUP, INC.,

                          Defendants.

C.A. No. 3:17-cv-00411-K

JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT ABIO FINANCIAL GROUP, INC.

The Securities and Exchange Commission having filed a Complaint and

Defendant Abio Financial Group, Inc. ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject matter

of this action; consented to entry of this Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction and except as otherwise provided

herein in paragraph V); waived findings of fact and conclusions of law; and waived any

right to appeal from this Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds

2

the following who receive actual notice of this Judgment by personal service or

otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Defendant or with anyone described

in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is permanently restrained and enjoined from violating Section 15(a) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)] by engaging

in the business of effecting transactions in, and/or inducing or attempting to induce the

purchase or sale of, securities for the accounts of others without being registered as or

associated with a registered broker-dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds

the following who receive actual notice of this Judgment by personal service or

otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Defendant or with anyone described

in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a

civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the date of receipt of any ill-gotten gains, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the Defendant shall not oppose that the allegations of the Complaint are accepted  and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**IV.**

4

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Consent is incorporated herein with the same force and effect as if fully set forth herein,

and that Defendant shall comply with all of the undertakings and agreements set forth

therein.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for

purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and

further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts

due by Defendant under this Judgment or any other judgment, order, consent order,

decree or settlement agreement entered in connection with this proceeding, is a debt for

the violation by Defendant of the federal securities laws or any regulation or order issued

under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

§523(a)(19).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED.

Signed September 7th, 2017.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

6