IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:17-CV-0411-K |
| JOHN ABIO, also known as TRE BRANDENBERG, and ABIO FINANCIAL GROUP, INC., | | |
| Defendants. | | |

**FINAL JUDGMENT AS TO DEFENDANTS JOHN ABIO, aka TRE BRANDENBERG, AND ABIO FINANCIAL GROUP, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendants John Abio a/k/a Tre Brandenberg and Abio Financial Group, Inc. (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $3,100,000.00, representing

profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $773,799, for a total of $3,873,799 (the "Disgorgement Obligation").  Defendants shall satisfy the Disgorgement Obligation by paying $3,873,799 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.  Defendants shall receive credit toward the Disgorgement Obligation for any amounts collected by the Chapter 7 Trustee pursuant to the Consent Final Judgment entered against them in the bankruptcy proceeding, *Maria Yip v. Tre Brandenberg, a/k/a John Abio, and Abio Financial Group, Inc.*, Adv. Pr. No. 17-01211-AJC (Bankr. S.D. Fla. May 21, 2018), as reflected in the Final Report to the Bankruptcy Court filed by the Chapter 7 Trustee in *In re: Providence Financial Investments, Inc. and Providence fixed Income Fund, LLC*, Case Nos. 16-20516 and 16-20517 (Bankr. S.D. Fla.).

    Defendant John Abio a/k/a Tre Brandenberg shall additionally pay a civil penalty in the amount of $100,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78(u)(d)(3)].

     Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John Abio a/k/a Tre Brandenberg and Abio Financial Group, Inc. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED.

Signed January 27th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE